Douglas, J.,
concurring.
{¶ 98} I concur with the exhaustive and well-reasoned opinion of Justice Resnick. I write in support of the majority opinion.
{¶ 99} When all of the layers of obfuscation of the issue now before us are peeled away, the core question is whether the state may, within constitutional limits, enact legislation that prohibits project labor agreements from being entered on public construction projects. While R.C. Chapter 4116 does just that and, by so doing, effectively takes away the discretion of local elected officials to look out for the best interest of local taxpayers and citizens, and that, on its face, is bad public policy, it is not for us to decide policy. It is our task, however, to test such legislation by the parameters laid down by case law of the United States Supreme Court, when applicable, and we are bound to follow and comply with such pronouncements.
{¶ 100} In this matter, the pertinent case law, which we are required to apply and follow, might very well begin and end with Bldg. & Constr. Trades Council of Metro. Dist. v. Assoc. Builders & Contrs. of Massachusetts/Rhode Island, Inc. (1993), 507 U.S. 218, 113 S.Ct. 1190, 122 L.Ed.2d 565 (the “Boston Harbor” case). Therein, the high court said that “[t]he 1959 amendment adding a proviso to subsection [8](e) [of the National Labor Relations Act, Section 158, Title 29, U.S.Code] permits a general contractor’s prehire agreement to require an employer not to hire other contractors performing work on that particular project site unless they agree to become bound by the terms of that labor agreement.” Id. at 230, 113 S.Ct. 1190, 122 L.Ed.2d 565. In addition, Section 8(f) of the Act unequivocally permits employers in the construction industry to enter into prehire agreements. While it is true that the Act excludes the state from the definition of the term “employer,” Section 2(2), NLRA, Section 152(2), Title 29, *237 U.S.Code, the court, nevertheless, went on to say that “the general goals behind passage of §§ 8(e) and (f) are still relevant to determining what Congress intended with respect to the State and its relationship to the agreements authorized by these sections.” Id. at 231, 113 S.Ct. 1190, 122 L.Ed.2d 565.
Benesch, Friedlander, Copian & Aronoff, L.L.P., N. Victor Goodman, Mark D. Tucker and Edward Kancler, for appellant Ohio State Building & Construction Trades Council.
Goldstein & O’Connor and Joyce Goldstein, for appellant Cleveland Building & Construction Trades Council.
Wuliger, Fadel & Beyer and William I. Fadel, for appellant International Union of Operating Engineers, Local 18.
William D. Mason, Cuyahoga County Prosecuting Attorney, and Kathleen A. Martin, Assistant Prosecuting Attorney, for appellee Cuyahoga County Board of Commissioners.
Betty D. Montgomery, Attorney General, Michael D. Allen and Peter M. Thomas, Assistant Attorneys General, for appellee state of Ohio.
Stewart Jaffy & Assoc. Co., L.P.A., Stewart R. Jaffy and Marc J. Jaffy, urging reversal for amicus curiae Ohio AFL-CIO.
Sherman, Dunn, Cohen, Leifer & Yellig, P.C., Laurence J. Cohen and Victoria L. Bor, urging reversal for amicus curiae Building & Construction Trades Dept., AFL-CIO.
Coolidge, Wall, Womsley & Lombard, Fred A. Ungerman Jr. and Jill A. May, urging affirmance for amicus curiae Ohio Associated Builders & Contractors, Inc.
{¶ 101} It would seem to be axiomatic that what federal law gives to a person or entity, the state may not take away. To remove from local officials the right to use a tool that, for the most part, guarantees that a local project will be completed by well-trained workers, within budget and on time, is short-sighted at best and devastating at worst. Not much more, I believe, needs to be said to put to rest the arguments made here by appellees and their amici supporters.
{¶ 102} Accordingly, I would pronounce as syllabus law in this case that “Am.H.B. No. 101, a regulation that prohibits public-sector project labor agreements in Ohio, is preempted by the National Labor Relations Act, Sections 151 et seq., Title 29, U.S.Code, and is, therefore, unlawful.” I respectfully concur with the majority.
*238 Krugliak, Wilkins, Griffiths & Dougherty' Co., L.P.A., and Susan Carson Rodgers; National Right to Work Legal Defense Foundation, Inc. and William L. Messenger, urging affirmance for amicus curiae National Right to Work Legal Defense Foundation, Inc.